as that in issue in the second suit. Any presumption favorable to the defendant on this point is overcome by the fact affirmatively appearing that the premises had been vacated.

We are of the opinion, therefore, that the issues in the two cases are not identical. The claim of the plaintiff in the first suit was against the husband and wife, under the statute, for the use and occupation of the premises in question for the time they were so actually used, while the second cause of action, being the case for our determination, is solely against the wife, and arises from her written contract and not from the fact, whatever it may be, as to the period of time she occupied the premises. The judgment in the first suit is not a bar to recovery in the second suit.

As to the claim that this may mean two recoveries for rent for the same period of time, it is sufficient to say that the defendant is entitled to credit for any sums already paid for rent for any portion of the period covered by the statement of claim in the suit at bar.

Other considerations are urged upon this court as grounds for holding the judgment in the first case not a bar, which are not without merit, but it is sufficient to express only the one point above discussed.

For the reason indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

---

**Leopold Brodowicz, Appellee, v. Dominik Giaczas, Appellant.**

**Gen. No. 17,686. (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. H. STER-LING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911, Affirmed. Opinion filed October 9, 1913.

## Statement of the Case.

Action by Leopold Brodowicz against Dominik Giac-
zas. Judgment on motion of plaintiff was entered
against defendant for failure to file sufficient affidavit
of merits. From an order of court denying motion
to vacate the judgment, defendant brings error.

Michael B. Roderick, for appellant.

John O. Wagner and Ignatius Beckman, for appel-
lee.

Mr. Presiding Justice McSurely delivered the opin-.
ion of the court.

## Abstract of the Decision.

1. Judgments, § 298*—*power to vacate, after term.* Court has
no power after the term has expired to vacate a judgment entered
by court on motion of plaintiff in violation of a rule of court re-
quiring notice to the opposite party.

2. Judgments, § 298*—*when cannot be vacated for errors of law.*
Court's entry of a judgment in violation of a rule of court is an
error of law for which court cannot set aside judgment after the
term has expired.

---

## Cornelius Wiersema, Defendant in Error, v. Lockwood & Strickland Company, Plaintiff in Error.

### Gen. No. 17,744. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Oscar M. Tor-
rison, Judge, presiding. Heard in the Branch Appellate Court at
the October term, 1911. Affirmed. Opinion filed October 9, 1913.

## Statement of the Case.

Action by Cornelius Wiersema against Lockwood
& Strickland Company, a corporation, for personal
injuries received by plaintiff while in the employ of

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.